UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN HANRAHAN,

        Plaintiff,

  v.

KING COUNTY, et al.,

        Defendants.

C20-144 TSZ

ORDER

THIS MATTER comes before the Court on Defendant King County's (County) Partial Motion for Summary Judgment, docket no. 8. Having reviewed all papers filed in relation to the motion,[1] the Court enters the following order.

**Background**

On October 18, 2019, Hanrahan filed a complaint against the County in state court. Complaint (docket no. 1-2 at 2). The complaint alleged that the County's negligence led to Hanrahan's cellmate at the King County Correctional Facility (KCCF) attacking him on August 16, 2016. Id. The complaint further alleged that the KCCF

---

[1] Plaintiff Kevin Hanrahan did not file a response to the County's motion.

ORDER - 1

officers at KCCF had violated Hanrahan's "constitutional and due process rights." Id. at 4; see 42 U.S.C. § 1983.  The County filed a notice to remove the case to federal court. Notice of Removal (docket no. 1 at 1–3).

The County then filed a motion for partial summary judgment, asserting that the applicable statute of limitations bars Hanrahan's federal claims.  The County further asserts that the Court should decline to exercise jurisdiction over Hanrahan's remaining state law claims.

**Discussion**

    **A.  Summary Judgment Standard**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A fact is material if it might affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn.  Id. at 255, 257.  When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted.  See Beard v. Banks, 548 U.S. 521, 529 (2006) ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to

ORDER - 2

1 establish the existence of an element essential to that party's case, and on which that
2 party will bear the burden of proof at trial.'" (quoting Celotex, 477 U.S. at 322)).

### B. Statute of Limitations

For section 1983 claims, courts apply the forum state's personal injury statute of limitations. Owens v. Okure, 488 U.S. 235, 240 (1989). In Washington State, the statute of limitations for personal injury actions is three years. RCW 4.16.080(2). A court must dismiss a claim if the statute of limitations bars it. Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006).

Hanrahan's assault occurred on August 16, 2016. Accordingly, the three-year statute of limitations ran on August 16, 2019. Because Hanrahan did not file his lawsuit until October 18, 2019, the statute of limitations bars his constitutional claims.

### C. Remand

The County next asserts that, because only state law claims remain, the Court should decline to exercise jurisdiction over the remaining claims. "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). The Court exercises its discretion to retain supplemental jurisdiction over Hanrahan's remaining claims.

### Conclusion

For the foregoing reasons, the Court ORDERS:

(1) Defendant's Motion for Partial Summary Judgment (docket no. 8) is GRANTED in part and DENIED in part. Plaintiff's federal claims are DISMISSED with

ORDER - 3

prejudice.  The Court exercises its discretion to retain supplemental jurisdiction over the remaining claims.

      (2)    The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 8th day of January, 2021.

*[signature]*

THOMAS S. ZILLY
United States District Judge

ORDER - 4