1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9
10
11
12

KEVIN HANRAHAN,

                    Plaintiff,

          v.

KING COUNTY and DEFENDANT
DOES 1–10,

                    Defendants.

C20-144 TSZ

ORDER

13      THIS MATTER comes before the Court on Defendants' Motion to Dismiss,

14  docket no. 12.  Having reviewed all papers filed in relation to the motion, the Court

15  enters the following Order.

16  **Background**

17      On October 18, 2019, Plaintiff Kevin Hanrahan filed a complaint against

18  Defendants in state court.  Complaint (docket no. 1-2).  The complaint alleged that on

19  August 16, 2016, Defendant King County's negligence caused Hanrahan's cellmate at the

20  King County Correctional Facility (KCCF) to attack Hanrahan.  Id. at 2–4.  The

21  complaint further alleged that the KCCF officers had violated Hanrahan's "constitutional

22
23

ORDER - 1

1   and due process rights." Id. at 4; see 42 U.S.C. § 1983.  Defendants removed the case to

2   federal court.  Notice of Removal (docket no. 1).

3         In November 2020, King County filed a motion for partial summary judgment on

4   Hanrahan's federal claims, asserting that the claims were time barred.  Motion for Partial

5   Summary Judgment (docket no. 8).  Hanrahan did not oppose the motion.  The Court

6   dismissed Hanrahan's federal claims as time barred but exercised its discretion to

7   maintain supplemental jurisdiction over his remaining state-law claims.  Order (docket

8   no. 11).

9         King County served Hanrahan with its First Set of Interrogatories and Requests for

10  Production on January 15, 2021, to which Hanrahan has not responded.  Kinerk Decl.

11  (docket no. 13 at 2).  King County also sent Hanrahan a deposition notice for February

12  11, 2021.  Id.  After rescheduling his deposition twice, Hanrahan ultimately did not

13  appear for his virtual deposition.  Id. at 3.  The discovery deadline in this case was

14  February 16, 2021.  See Minute Order (docket no. 7).

15        King County now moves to dismiss the case.  Hanrahan did not file an opposition.

16  **Discussion**

17        Under Rule 37(d), a court may order sanctions if a party, after being served with

18  proper notice, fails to appear for a deposition or fails to serve answers, objections, or

19  written responses to interrogatories or requests for production.  Sanctions may include

20  dismissing the action or proceeding in whole or in part.  Fed. R. Civ. P. 37(d)(3).

21  "Dismissal, however, is authorized only in 'extreme circumstances' and only where the

22  violation is 'due to willfulness, bad faith, or fault of the party.'"  In re Exxon Valdez, 102

23

1   F.3d 429, 432 (9th Cir. 1996) (quoting United States v. Kahaluu Const., 857 F.2d 600,

2   603 (9th Cir. 1988)).  Additionally, "[a] district court must consider five factors in

3   determining whether the circumstances warrant dismissal:  (1) the public's interest in

4   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

5   of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

6   merits; and (5) the availability of less drastic sanctions."  Id. at 433.

7          The Court determines dismissal is an appropriate sanction in this case.  Hanrahan

8   does not contest that King County properly served him with its First Set of Interrogatories

9   and Requests for Production or that it served him with proper notice of his deposition.

10  Still, Hanrahan did not provide any written responses to the interrogatories or requests for

11  production and did not appear for his deposition.  The record reflects that Hanrahan did

12  not appear for his deposition despite his attorney having made arrangements with him

13  and that Hanrahan does not provide any excuse for missing his deposition.  The Court

14  thus determines that Hanrahan's failure to appear was both willful and his fault.

15         Further, in considering the requisite five factors, dismissal is appropriate.  Under

16  the first factor, "[t]he public's interest in expeditious resolution of litigation always

17  favors dismissal."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting

18  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Hanrahan has not

19  responded to King County's interrogatories or requests for production for over two

20  months and has apparently not participated in the case since the parties submitted their

21  Joint Status Report in April 2020.  As this case is set for trial on June 7, 2021,

22  Hanrahan's failure to participate in the case,  discovery in particular, will significantly

23

1  delay the case, and accordingly interferes with the public's interest in expeditious

2  resolution of the case.

3        The second factor also favors dismissal.  Because Hanrahan has failed to

4  participate in discovery, the Court would need to continue the trial date, issue a new

5  scheduling order, and potentially address additional motions to which Hanrahan may or

6  may not respond.  This would cause the Court to dedicate further time to this matter that

7  it could devote to other cases being actively litigated by both parties, impeding the

8  Court's ability to manage its docket.  See Pagtalunan, 291 F.3d at 642.

9        In assessing the third factor, Hanrahan's failure to participate in discovery,

10  including failing to attend his own deposition, prejudices King County's ability to

11  prepare for trial.  In re Exxon Valdez, 102 F.3d at 433.  The Ninth Circuit has "indicated

12  that the risk of prejudice to the defendant is related to the plaintiff's reason for

13  defaulting."  Yourish, 191 F.3d at 991.  Hanrahan has not provided any reason for failing

14  to respond to King County's interrogatories or requests for production or for not

15  appearing for his deposition.  This factor weighs in favor of dismissal.

16         As to the fourth factor, "[t]he overwhelming weight of the factors supporting

17  dismissal overcomes the policy favoring disposition of cases on their merits."  In re

18  Exxon Valdez, 102 F.3d at 433.  Even so, the policy of resolving cases on their merits

19  lends little support to Hanrahan, whose failure to provide discovery obstructed the

20  resolution of his claims on the merits.  See id.

21        Finally, under the fifth factor, the Court must consider the availability of less

22  drastic sanctions.  Hanrahan did not respond to discovery requests or appear for his

23

ORDER - 4

1   deposition, did not oppose the present motion to dismiss, and has not participated in the

2   case for almost a year.  The Court determines that less drastic sanctions would not be

3   sufficient to compel Hanrahan to participate in the case.  Even if less drastic sanctions

4   were available, the Court would nonetheless determine that dismissal is appropriate

5   because of the other factors weighing in its favor.  See Malone v. U.S. Postal Serv., 833

6   F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal outweigh one

7   against dismissal); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992) (dismissal

8   appropriate where three of the five factors supported dismissal).

9   **Conclusion**

10          For the foregoing reasons, the Court ORDERS:

11          (1)     Defendants' Motion to Dismiss, docket no. 12, is GRANTED.

12          (2)     The Clerk is directed to send a copy of this Order to all counsel of record

13   and to CLOSE the case.

14          IT IS SO ORDERED.

15          Dated this 30th day of March, 2021.

16                                                    _____

17                                                    Thomas S. Zilly
                                                      United States District Judge

18

19

20

21

22

23

ORDER - 5